IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL A. BELLO | *   CIVIL ACTION |
| | * |
| Plaintiff, | *   NO. 07-4793 |
| | * |
| VERSUS | * |
| | * |
| HORACE MANN COMPANIES A.K.A | *   SECTION "S" (1) |
| TEACHERS INSURANCE CO. AND | * |
| NATIONAL FLOOD INSURANCE PROGRAM | * |
| | * |
| Defendants. | * |
| | * |

******************************************

## ANSWER

**NOW INTO COURT**, through the undersigned Assistant United States Attorney, comes the federal defendant, R. David Paulison, Director, Federal Emergency Management Agency, which administers the National Flood Insurance Program, and hereby answers Plaintiff's Complaint, as follows:

## SPECIFIC ANSWERS

1.     The allegations contained in Paragraph 1 appear to be Plaintiff's statement about party Defendants to which no response is required. Insofar as a response is deemed necessary, the Federal Defendant denies the allegations except to aver that R. David Paulison is the Administrator of Defendant FEMA, a component of the Department of Homeland Security, that administers the National Flood Insurance Program (NFIP) pursuant to the National Flood Insurance Act and administers claims made under SFIPs.

2. Paragraph 2 appears to be a statement about party Plaintiff to which no response is required. To the extent an answer is deemed necessary, the Federal Defendant denies for lack of sufficient information to justify a belief therein.

3. The allegations contained in Paragraph 3 appear to be Plaintiff's statement about another party Defendant to which no response is required. Insofar as a response is deemed necessary, the Federal Defendant denies for lack of sufficient information to justify a belief therein.

3 [*sic*]. Defendant denies the allegations contained in the second Paragraph 3, but avers Plaintiff maintained flood insurance coverage through SFIP policy number RL00010556 insuring a property located at 3117 State Street Drive, New Orleans, Louisiana with policy limits of $186,000 on the building and $10,500 on the contents with a $1,000 deductible for each. Federal Defendant further avers the policy was in effect on August 29, 2005.

4. The Federal Defendant admits that Hurricane Katrina made landfall in Louisiana on August 29, 2005 and caused extensive damage.

5. The Federal Defendant admits that Plaintiff's home was damaged as a result of Hurricane Katrina. The Federal Defendant denies the remaining allegations for lack of sufficient information to justify a belief therein.

6. The allegations contained in Paragraph 6 contain conclusions of law that do not require a response. To the extent a response is deemed necessary, Federal Defendant avers that on October 17, 2005, Plaintiff notified the Federal Defendant he had suffered a flood loss on August 29, 2005. The Federal Defendant denies the remaining allegations for lack of sufficient information to justify a belief therein regarding other party defendants.

7. The allegations contained in Paragraph 7 contain conclusions of law to which no answer is required. To the extent a response is deemed necessary, the Federal Defendant admits that it sent an independent adjust to adjust Plaintiff's flood loss. The Federal Defendant denies the remaining allegations for lack of sufficient information to justify a belief therein regarding other party defendants.

8. The allegations contained in Paragraph 8 contain conclusions of law to which no answer is required. To the extent a response is deemed necessary, the Federal Defendant denies said allegations. The Federal Defendant denies the remaining allegations for lack of sufficient information to justify a belief therein regarding other party defendants.

9. The allegations contained in Paragraph 9 contain conclusions of law to which no answer is required. To the extent a response is deemed necessary, the Federal Defendant denies said allegations. The Federal Defendant denies the remaining allegations for lack of sufficient information to justify a belief therein regarding other party defendants.

10. Federal Defendant incorporates by reference its answers to Paragraphs 1 through 9, as well as any general answers and affirmative defenses.

11. The allegations contained in Paragraph 11 contain conclusions of law to which no answer is required. To the extent a response is deemed necessary, the Federal Defendant denies said allegations. The Federal Defendant denies the remaining allegations for lack of sufficient information to justify a belief therein regarding other party defendants.

12. The allegations contained in Paragraph 12 contain conclusions of law to which no answer is required. To the extent a response is deemed necessary, the Federal Defendant denies said

allegations. The Federal Defendant denies the remaining allegations for lack of sufficient information to justify a belief therein regarding other party defendants.

13. Federal Defendant incorporates by reference its answers to Paragraphs 1 through 12, as well as any general answers and affirmative defenses.

14. The allegations contained in Paragraphs 14 through 26 of Plaintiff's complaint are not directed to the answering Federal Defendant and require no response. To the extent a response is deemed necessary, the Federal Defendant denies said allegations for lack of sufficient information to justify a belief therein.

15. The allegation contained in Paragraph 27 appears to be Plaintiff's request for trial by jury to which no response is required. To the extent an answer is required, the limited waiver of sovereign immunity at 42 U.S.C. §4072 does not allow for a Jury trial for Plaintiff's SFIP claims.

16. The statement contained in the "Wherefore" clause appears to be a request for relief to which no response is required. To the extent an answer is required, Federal Defendant denies that Plaintiff is entitled to any relief.

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this matter.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Federal Defendant reserves the right to assert motions pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff failed to submit a timely sworn proof of loss as required by the Standard Flood Insurance Policy("SFIP") found at 44 C.F.R. Part 61 Appendix A(1).

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff failed to comply with the terms and conditions of the policy, a precondition to filing a lawsuit.

**FIFTH AFFIRMATIVE DEFENSE**

The Standard Flood Insurance Policy only covers direct losses by or from flood.

**SIXTH AFFIRMATIVE DEFENSE**

The limited waiver of sovereign immunity at 42 U.S.C. §4072 does not allow for a Jury trial.

**SEVENTH AFFIRMATIVE DEFENSE**

The limited waiver of sovereign immunity at 42 U.S.C. §4072 does not provide for costs, interests, or penalties.

**EIGHTH AFFIRMATIVE DEFENSE**

The limited waiver of sovereign immunity at 42 U.S.C. §4072 does not provide for attorney's fees.

**NINTH AFFIRMATIVE DEFENSE**

Federal Defendant denies anything not specifically admitted or denied.

**WHEREFORE**, having fully answered, Federal Defendant respectfully requests that the Court enter judgment in its favor and that this action be dismissed with prejudice with costs assessed against Plaintiffs, and for other and further relief as the Court deems just and proper.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

JIM LETTEN
UNITED STATES ATTORNEY


/s/ *Jason M. Bigelow* _
Jason M. Bigelow (29761)
Assistant United States Attorney
Hale Boggs Federal Building
500 Poydras Street, Room 210B
New Orleans, LA 70130
(504) 680-3025


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties by ECF, facsimile, or mailing the same to each, properly addressed and postage prepaid this 8th day of April, 2008.


/s/ *Jason M. Bigelow* _
JASON M. BIGELOW
Assistant United States Attorney